**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 18-20046-JRS |
| | ) | |
| JEAN-PAUL CARCAMO, | ) | CHAPTER: 7 |
| Debtor | ) | |
| | ) | HONORABLE JAMES R. SACCA |

## NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, made applicable hereto by Federal Rule of Bankruptcy Procedure 9016, that Synovus Bank intends to serve a Subpoena to Produce Documents and Information in this Bankruptcy Case upon RUSHMORE LOAN MANAGEMENT SERVICES LLC, in the form attached hereto.

Dated: February 7, 2019

/s/ David C. Whitridge
**DAVID C. WHITRIDGE**
Georgia State Bar No. 754793
THOMPSON, O'BRIEN, KEMP & NASUTI, PC
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
(770) 925-0111 – Telephone
(770) 925-8597 – Facsimile
dwhitridge@tokn.com
Attorneys for Synovus Bank

## CERTIFICATE OF SERVICE

      I, David C. Whitridge certify that I am more than 18 years of age; and that on the 7th day of February 2019, I served a copy of the Notice of Intent to Serve Subpoena by U.S. Mail with appropriate postage affixed upon all parties listed below and via the CM/ECF system upon Andrew Houston McCullen, Betty A. Nappier, and R. Jeneane Treace which will automatically send email notification of such filing.

RUSHMORE LOAN MANAGEMENT SERVICES LLC
15480 Laguna Canyon Road, Suite 100
Irvine, CA, 92618

CORPORATION SERVICE COMPANY
Registered Agent for RUSHMORE LOAN MANAGEMENT SERVICES LLC
40 Technology Parkway South, Suite 300
Norcross, GA 30092

Andrew Houston McCullen
Counsel for RUSHMORE LOAN MANAGEMENT SERVICES LLC
Aldridge Pite LLP
3575 Piedmont Road NE, Suite 500
Atlanta, GA 30305

Jean-Paul Carcamo
2847 Echols Road
Cumming, GA 30041

Betty A. Nappier
Chapter 7 Trustee
Law Office of B. A. Nappier
P. O. Box 1649
Cumming, GA 30028-1649

R. Jeneane Treace
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303


      This the 7th day of February 2019.

                                        /s/ David C. Whitridge
                                        **DAVID C. WHITRIDGE**
                                        Georgia State Bar No. 754793
                                        THOMPSON, O'BRIEN, KEMP & NASUTI, PC

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Georgia

In re **JEAN-PAUL CARCAMO**
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **18-20046-JRS**

Chapter **7**

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **RUSHMORE LOAN MANAGEMENT SERVICES LLC**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| 40 Technology Parkway S., Ste 300, Peachtree Corners, GA 30092 | March 7, 2019 at 9:00 a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **01/29/2019**

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Synovus Bank**, who issues or requests this subpoena, are:
David C. Whitridge, 40 Technology Parkway S., Suite 300, Peachtree Corners, GA 30092, dwhitridge@tokn.com, 770-925-0111

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

All monthly account statements, payoff statements, notices, and communications from July 1, 2018 to January 28, 2019 containing or reflecting a principal balance or payoff balance regarding the loan owed by Debtor/Borrower, Jean-Paul Carcamo and that is secured by the real property known as 2847 Echols Road, Cumming, GA 30041 and shown on the attached Schedule D that was filed in Bankruptcy Case #18-20046-jrs and filed on January 10, 2018 in the Northern District of Georgia, Gainesville Division.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Jean-Paul | | Carcamo |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF GEORGIA

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?

   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☒ Yes. Fill in all of the information below.

**Part 1: List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|---|
| 2.1 | **BB&T**<br>Creditor's Name | $650,000.00 | $569,000.00 | $81,000.00 |

Describe the property that secures the claim:
**2847 Echols Rd. Cumming, GA 30041  Forsyth County**

PO Box 2027
Greenville, SC 29602
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)   **Mortgage Arrears: $50,000**

Date debt was incurred _____   Last 4 digits of account number _____

| | | | | |
|---|---|---|---|---|
| 2.2 | **Lincoln Automative Financial**<br>Creditor's Name | $65,000.00 | $45,000.00 | $20,000.00 |

Describe the property that secures the claim:
**2015 Lincoln Navigator 35000 miles**

12110 Emmet Street
Omaha, NE 68164
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☒ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☒ Other (including a right to offset)   **Title Lien**

Date debt was incurred _____   Last 4 digits of account number _____

Official Form 106D     Schedule D: Creditors Who Have Claims Secured by Property     page 1 of 2